Exhibit 1

## SAFE HARBOR NOTICE PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE, RULE 11(C)(2)

To: MICHAEL A. HASKEL, ESQ.　　　　　　KERRY GOTLIB, ESQ.
　　Law Offices of Michael A. Haskel　　　　80 Fifth Avenue, 12th Floor
　　167 Willis Avenue　　　　　　　　　　　New York, NY 10002
　　Mineola, NY 11501

**PLEASE TAKE NOTICE** that the undersigned intends to file the annexed Motion for Sanctions pursuant to Rule 11 of the Fed. R. Civ. P. twenty-one days after service of this notice on you. That Rule provides, in relevant part, that the filing of a Complaint constitutes a representation, formed after an inquiry reasonable under the circumstances, that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

We are hereby requesting that you withdraw the RICO claims (Counts I-III) in the Complaint dated April 7, 2011 and dismiss those claims forthwith. Should you refuse to do so within twenty-one days from the service of this Notice on you, we will serve you with the annexed formal motion for sanctions with respect to any claims not so withdrawn with prejudice.

Dated: May 7, 2012　　　　　　　　　　　MOSES & SINGER LLP

　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　Jason Canales (JC9692)
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　The Chrysler Building
　　　　　　　　　　　　　　　　　　　　405 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY 10174-1299
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 554-7875

924168v1 013781.0101

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OSVALDO PATRIZZI,

                        Plaintiff,

            -against-

BOURNE IN TIME, INC., ANTIQUORUM S.A.,
ANTIQUORUM USA, INC., EVAN ZIMMERMANN,
and WILLIAM ROHR,

                        Defendants.
-----------------------------------------------------------------X

Docket No. 11-CV-2386 (VM)

NOTICE OF MOTION FOR
SANCTIONS PURSUANT TO
RULE 11(C)(2) OF THE
FEDERAL RULES OF CIVIL
PROCEDURE

C O U N S E L:

       **PLEASE TAKE NOTICE** that, upon the annexed affirmation of Jason Canales, Esq., affirmed the 7th day of May, 2012, the Memorandum of Law accompanying Defendants' Rule 12(c) Motion for Judgment on the Pleadings, and all of the pleadings and proceedings heretofore had herein, the undersigned will move this Court for an Order, pursuant to Fed. R. Civ. P. Rule 11, awarding appropriate monetary sanctions against Plaintiff and/or Plaintiff's attorneys for commencing and maintaining purported RICO claims against the Defendants which (i) were presented for improper purposes – *i.e.*, to publicize the action and tar the Defendants as "Mafia"-related so as to (among other things) gain a competitive advantage over the Defendants and/or attempt to compel them to compromise other pending actions; (ii) are not warranted by existing law or a nonfrivolous argument for extending, modifying or reversing existing law; (iii) were brought primarily to harass the Defendants and cause them to incur unnecessary litigation expenses; and/or (iv) were brought without making a reasonable inquiry under the circumstances.

924171v1 013781.0101

2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 6.1 of the Local Civil Rules for the Southern and Eastern Districts of New York, answering papers, if any, must be served within fourteen (14) business days after the service of these moving papers.

Dated: May ___, 2012

MOSES & SINGER LLP

By: _____
Jason Canales (JC9692)
*Attorneys for Defendants*
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-1299
Telephone: (212) 554-7875

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OSVALDO PATRIZZI,

                              Plaintiff,                Docket No. 11-CV-2386 (VM)

           -against-                                **AFFIRMATION IN SUPPORT
                                                                        OF MOTION FOR SANCTIONS**
BOURNE IN TIME, INC., ANTIQUORUM S.A.,
ANTIQUORUM USA, INC., EVAN ZIMMERMANN,
and WILLIAM ROHR,

                              Defendants.
-------------------------------------------------------------------X

       **JASON CANALES**, an attorney duly admitted to practice law in the United States District Court for the Southern District of New York, hereby affirms the truth of the following, under the penalty of perjury:

       1.    I am counsel to the Defendants in the within action and, as such, am fully familiar with all of the facts and circumstances as set forth below.

       2.    This affirmation is submitted in support of Defendants' motion for sanctions against Plaintiff and/or Plaintiff's counsel pursuant to Fed. R. Civ. P. Rule 11(c)(2). This sanctions request results from the commencement and maintenance of the instant action against the Defendants. Specifically, Plaintiff's assertion of RICO claims against Defendants in this action has no basis in law because (as set forth in detail in the memorandum of law in support of Defendants' motion to dismiss), among other things, the conduct alleged, as a matter of law, does not constitute a "pattern of racketeering activity" because it allegedly involves only a single victim, was engaged in over a short period of time, and was terminated prior to the commencement of this action.

3. Defendants have moved for dismissal of Plaintiffs' Complaint herein on, among other things, the grounds enunciated above. A copy of the Defendants' Memorandum of Law is annexed hereto and labeled Exhibit "1". The same is incorporated herein by reference. Annexed hereto and labeled Exhibit "2" is a copy of my moving affirmation with exhibits. As can be seen from the Memorandum of Law, the law is clear as to the invalidity of Plaintiff's RICO claims. What is also clear from the Memo is that, immediately upon the commencement of this action, Plaintiff issued a public release via the internet that read as follows:

> It is this anti-mafia law, RICO (Racketeer Influenced and Corrupt Organization Act) that our lawyer is using in his recently filed complaint against EZ [Evan Zimmermann] and William Rohr. Created in the 1970s, this law defends businesses from mafia attacks on name similarity that mis-directs customers of successful businesses to similar looking or sounding business managed by the mafia. This seems to fit, in more ways than one!

4. This (historically erroneous) public statement by Plaintiff makes it abundantly clear, it is respectfully submitted, that Plaintiff used the commencement of this action to enable him to publicly imply that the individual Defendants were part of the "mafia," and that Antiquorum was a "business managed by the mafia." Plaintiff, who was then a competitor of the Defendants, consequently appears to have used this lawsuit as a competitive tool.

5. Additionally, as is also pointed out in the Defendants' Memorandum of Law, numerous other proceedings among the parties, in several different tribunals and several different countries (including the U.S.), were pending at the time that the instant action was commenced. Those actions included civil and criminal actions against Plaintiff and his associates (which are still pending) alleging the theft of millions of dollars of funds and inventory. The assertion of frivolous RICO claims by the Plaintiff in the matter at bar appears to have also been motivated by a desire to place pressure on the Defendants to compromise or withdraw those other actions.

6.     Prior to the filing of this motion, we gave Plaintiff's counsel the twenty-one day "Safe Harbor" notice required by Fed. R. Civ. P. Rule 11(c) (2). Plaintiff has not withdrawn the RICO claims in the Complaint and the Safe Harbor period has expired.

**WHEREFORE**, it is respectfully requested that this Court issue an award of monetary sanctions against Plaintiff and/or Plaintiff's counsel in such amount as the Court deems appropriate, together with the costs and legal fees of this motion and such other relief as the Court may deem just and proper under the circumstances.

_____
Jason Canales

Duly affirmed this ___
day of May, 2012