UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                 :

OSVALDO PATRIZZI,                                  :

                                                                               :          11 Civ. 2386 (PAE)

                                      Plaintiff,           :

                                                                               :          <u>OPINION AND ORDER</u>

                                  -v-                           :

                                                                                           :

BOURNE IN TIME, INC., et al.,               :

                                                                                          :

                                      Defendants.    :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Defendants Bourne in Time, Inc. ("Bourne"), Antiquorum S.A., Antiquorum USA, Inc., (together, "Antiquorum"), Evan Zimmerman, and William Rohr (collectively, "defendants") move for the imposition of sanctions against Michael A. Haskel, Esq. and Kerry Gotlib, Esq., counsel for plaintiff Osvaldo Patrizzi, pursuant to Federal Rule of Civil Procedure 11. For the reasons stated, defendants' motion is denied.

**I.      Background**

       This sanctions motion arises from ongoing litigation between Patrizzi and defendants, the substance of which is set forth in detail in the Court's October 11, 2012 Opinion and Order (Dkt. 61) (hereinafter "Opinion and Order"). That Opinion and Order dismissed Patrizzi's claims arising under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, but allowed Patrizzi to proceed to limited discovery regarding his claims brought under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and New York statutory and common law. On October 16, 2012, five days after the Opinion and Order was issued, defendants brought this sanctions motion, arguing that plaintiff's counsel lacked a good faith basis for asserting the RICO claims and had done so for an improper purpose. *See* Dkt. 62–63. The Court assumes

familiarity with its October 11 Opinion and Order, and therefore summarizes Patrizzi's RICO allegations only insofar as is necessary to provide context for this sanctions motion.

Patrizzi is a well-known timepiece expert and auctioneer. In 2008, he founded a timepiece auction house, Patrizzi & Co. Auctioneers, which has registered the domain name "patrizziauction.com." Patrizzi claims to own common law trademarks to his name, the name of his auction house, and "patrizziauction.com." Patrizzi claims that, in October 2010, he discovered that, upon typing various misspellings of his name or "patrizziauction.com" into a web browser, one would be redirected to a website owned by defendant Bourne, which in turn bore a link to another website owned by Bourne's parent company, defendant Antiquorum. Bourne and Antiquorum are both in the timepiece business, and the other defendants, Zimmerman and Rohr, were at all relevant times principals of these companies.

In his Complaint, Patrizzi alleged that defendants registered and knowingly maintained these infringing domain names with the bad-faith intent to profit by confusing customers into believing that defendants' business ventures were somehow associated with or endorsed by Patrizzi. Based on this conduct, Patrizzi alleged that Bourne is a RICO enterprise, in connection with which defendants engaged in a pattern of racketeering activity: namely, defendants' scheme to defraud customers into thinking they were purchasing or selling timepieces through a Patrizzi-endorsed venture. Patrizzi alleged that the scheme lasted two years and 11 months—between April 2008, when the allegedly infringing domain names were registered, and March 2011, when they were taken down—and that this scheme constituted wire fraud, in violation of 18 U.S.C. § 1343.

The Court dismissed Patrizzi's RICO claims for two independent reasons. First, Patrizzi failed to sufficiently allege continuity, a necessary ingredient of the RICO pattern requirement.

Opinion and Order 7–9.  As an independent basis for dismissal, the Court found that Patrizzi's allegations of wire fraud were simply garden-variety trademark infringement claims.  *Id.* at 9–10.  Because Patrizzi failed to sufficiently allege substantive RICO claims, the Court also dismissed Patrizzi's RICO conspiracy claim.  *Id.* at 10–11.

## II.     Applicable Legal Standard

Federal Rule of Civil Procedure 11 confers on a district court authority to sanction a litigant or its counsel.  It provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b).

Rule 11(c)(2) sets forth the procedure to be followed where counsel pursues sanctions based on the offending attorney's court submissions.  Relevant here, Rule 11(c)(2) creates a "safe harbor" that gives the offending attorney a chance to modify or withdraw the challenged submission so as to avoid sanctions.  *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 89–90 (2d Cir. 2003).  Under that provision, a motion for sanctions is initially to be served only on the offending attorney, and not filed with the Court.  A motion for sanctions can be filed with the Court only if, 21 days after such service, the challenged submission has not been "withdrawn or appropriately corrected."  Fed. R. Civ. P. 11(c)(2).  Sanctions may not be awarded under Rule 11(c)(2) where proper notice and opportunity to withdraw or correct the filing were not provided

to the party to be sanctioned.  *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010).

When such a motion is properly filed, the Court may impose sanctions if the offending attorney responsible for the submission is found to have acted with "objective unreasonableness."  *In re Pennie & Edmonds LLP*, 323 F.3d at 90; *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009); *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999) ("Rule 11(b)(2) 'establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments.'" (citing Fed. R. Civ. P. 11 advisory committee note to 1993 amendments)).

### III.     Discussion

#### A.  Timeliness of Defendants' Motion

As a threshold matter, plaintiff's counsel argues that this motion is untimely, because it was filed five days *after* the Court dismissed the RICO claims that are the source of this motion. Pl. Br. 11.  But by the time it was filed with the Court, the proposed sanctions motion had long since been served on plaintiff's counsel:  Counsel for defendants served plaintiff's counsel with notice and a copy of the proposed sanctions motion on May 7, 2012.  *See* Declaration of Jason Canales in Support of Motion for Sanctions (Dkt. 63) ("Canales Decl.") Ex. 1.  Accordingly, by the time the motion to dismiss was decided, October 11, 2012, plaintiff's counsel had been afforded over five months to correct or withdraw the offending pleading, well over the 21-day "safe harbor" period.  The notice and opportunity to withdraw requirements of Rule 11(c)(2) were, therefore, clearly satisfied here.  *See In re Pennie & Edmonds*, 323 F.3d at 90 (objective reasonableness standard for sanctions appropriate "in circumstances where the lawyer whose

submission is challenged by motion has the opportunity, afforded by the 'safe harbor' provision, to correct or withdraw the challenged submission").

As plaintiff's counsel correctly notes, the Second Circuit has used language that could be taken to suggest that a sanctions motion is untimely if first filed with the court after the opportunity to withdraw the offending pleading has elapsed: "[Rule 11] motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." *In re Pennie & Edmonds*, 323 F.3d at 89. However, the cases cited for that proposition, both by the Second Circuit, and by plaintiff's counsel in their brief, all involved situations in which the party to be sanctioned was not given proper safe-harbor notice and an opportunity to withdraw prior to the court's entry of judgment on the offending allegations. *See Lawrence*, 620 F.3d at 158; *Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir. 1998); *Ridder v. City of Springfield*, 109 F.3d 288, 295–97 (6th Cir. 1997); *Langdon v. Cnty. of Columbia*, 321 F. Supp. 2d 481, 485 (N.D.N.Y. 2004); *Rojas v. Theobald*, No. 02-CV-3623 (DRH)(MLO), 2007 WL 2455133, at *9–10 (E.D.N.Y. Aug. 23, 2007); *DeShiro v. Branch*, 183 F.R.D. 281, 287–88 (M.D. Fla. 1998); *Daliessio v. DePuy, Inc.*, 178 F.R.D. 451, 452 (E.D. Pa. 1998). In other words, in those cases, the party to be sanctioned was *never* afforded a 21-day safe harbor period, and lacked the "last clear chance" to avoid sanctions by withdrawing the challenged submission.

That is a far cry from the situation here. Plaintiff's counsel was given clear notice that defendants challenged their RICO claims as sanctionable. Counsel had more than five months to withdraw the offending pleading before the Opinion and Order took that option off the table. One other court in this district has found that sanctions are legally available where the party to be sanctioned was afforded a 21-day safe harbor period, even though the sanctions motion was not

5

filed with the court prior to the withdrawal of the sanctionable claims. *See In re Sony Corp.*, 268 F.R.D. 509, 518 (S.D.N.Y. 2010) (where party was given notice and full 21-day safe harbor period to withdraw challenged allegations, "[t]he mere fact that the Defendants had chosen not to file their motion for sanctions with the Court—a decision that may have been motivated by any number of reasons—is insufficient, in and of itself, to place this case within the purview of the heightened standard of bad faith").

Accordingly, the excerpts from *In re Pennie & Edmonds* and like cases on which plaintiff relies, when read in context, merely reinforce that the party to be sanctioned must, while it has an opportunity to cure the problem, be afforded a safe harbor period in which to withdraw the offending claims. Plaintiff's counsel had an ample opportunity to do so here. The Court accordingly rejects the argument that defendants' motion is untimely.

### B. Objective Reasonableness of Plaintiff's RICO Claims

As noted, the Court dismissed Patrizzi's RICO claims on alternative grounds: Patrizzi failed to sufficiently allege continuity, *see* Opinion and Order 7–9, and Patrizzi's wire fraud allegations were garden variety trademark infringement claims, *see id.* at 9–10. Plaintiff's counsel argue, in opposing this motion, that the RICO claims were not objectively unreasonable. In doing so, counsel essentially reprise the arguments they made in opposing the motion to dismiss. *See* Pl. Br. 5–9. These arguments are no more convincing now than before. Simply put, dismissal of the RICO claims was not a close call.

That said, the Court, for two reasons, narrowly finds that counsel's conduct was not objectively unreasonable. First, although for other reasons the RICO claim failed to satisfy the requirement of continuity, plaintiff did allege a scheme lasting more than two years, which is one necessary ingredient for a closed-ended RICO claim to survive. Conceivably, counsel believed

(albeit wrongly), that satisfying that durational requirement was enough.  Second, the Court is mindful that sanctions decisions are to be made "with restraint and discretion," *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999), "lest they chill the creativity essential to the evolution of the law." *Greenberg v. Chrust*, 297 F. Supp. 2d 699, 703 (S.D.N.Y. 2004).  And although plaintiff's RICO claims were manifestly defective, these claims were not necessary to establish federal jurisdiction, at least on the pleadings, because the Complaint also included claims under the Lanham Act.  Those claims—although the present subject of targeted discovery—have withstood a motion to dismiss.  Under the case law, that fact provides something of a life raft for plaintiff's counsel:

> There is often a significant difference between a wholly unwarranted lawsuit and a single unwarranted claim included in an otherwise non-frivolous lawsuit. . . . [T]he commonplace if unfortunate practice of pleading a groundless claim together with legitimate ones is, typically, more of an inconvenience than a catastrophe—both for the opposing party who must merely demonstrate why the claim is not viable, and for the court that must so decide.  While we hardly countenance the filing of bogus claims among valid ones, there may thus be a considerable difference for Rule 11 purposes between an entirely frivolous complaint and a complaint including both "doubtful" counts and counts of "reasonable merit."

*Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 177 (2d Cir 1999).

Defendants also contend that plaintiff brought RICO claims for the improper purpose of tarnishing defendants as part of a "mafia."  *See* Def. Reply Br. 9–10.  That claim does not justify sanctions.  To be sure, the parties in this case have a long history of litigation, which is being fought out in several fora and has been pockmarked by needless litigiousness and a dismaying lack of collegiality.  It is plausible that plaintiff included baseless RICO claims as yet another "brushback pitch."  But the mere claim of an improper purpose here is insufficient, without

more, to warrant sanctions. *See Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) (noting that the frivolousness and improper purpose inquiries often overlap, and stating that a "determination of improper purpose must be supported by a determination of frivolousness when a complaint is at issue" (citing *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (*en banc*))); *see also Storey v. Cello Holdings, LLC*, 347 F.3d 370, 393 (2d Cir. 2003) (Sotomayor, J.) ("Without objectively unreasonable statements, economic disparity and a greater litigiousness do not alone amount to improper purpose."). For these reasons, although defendants' sanctions motion presented a close call, the Court ultimately concludes that sanctions—at this stage of the case—are not merited.

That said, this litigation is ongoing. The Court will be mindful of plaintiff's counsel's track record and will take it into account in the event of future sanctionable conduct. Mr. Haskel and Mr. Gotlib are admonished to aspire to a level of professionalism during the pendency of this litigation.

## CONCLUSION

For the foregoing reasons, defendants' motion for sanctions against plaintiff's counsel is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 62.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 28, 2013
New York, New York